| EBONY HOLMES | * | NO. 2024-CA-0551 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| CITY OF NEW ORLEANS, | * | |
| SEWERAGE AND WATER | | FOURTH CIRCUIT |
| BOARD OF NEW ORLEANS, | * | |
| HARD ROCK | | STATE OF LOUISIANA |
| CONSTRUCTION, LLC, | * * * * * * * | |
| TIDEWATER | | |
| CONSTRUCTORS, LLC, V | | |
| KEELER & ASSOCIATES, | | |
| INC. AND KINSALE | | |
| INSURANCE COMPANY | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-07540, DIVISION "F-14"
Honorable Jennifer M Medley
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Rosemary Ledet, Judge Karen K. Herman)

Steven E. Psarellis
STEVEN E. PSARELLIS, APLC
3939 N. Causeway Blvd., Suite 100
Metairie, LA 70002

Gerald Wasserman
GERALD D. WASSERMAN, LLC

3939 North Causeway Boulevard, Suite 200
Metairie, LA 70002

COUNSEL FOR PLAINTIFF/APPELLANT


David A. Pote
Paula M. Wellons
TAYLOR WELLONS POLITZ & DUHE, APLC
1515 Poydras Street, Suite 1900
New Orleans, LA 70112

COUNSEL FOR DEFENDANTS/APPELLEES

**VACATED AND REMANDED**
**February 21, 2025**

This is a property damage case. Ebony Holmes ("Ms. Holmes") commenced this case against multiple defendants, including the following three: (i) Tidewater Constructors, LLC ("Tidewater"); (ii) Hard Rock Construction, LLC ("Hard Rock"); and (iii) V. Keeler & Associates, Inc. ("V. Keeler").[1] Each defendant filed a prescription exception; each defendant raised the same arguments. Each defendant's exception was scheduled for a separate hearing. At each hearing, the trial court made the same ruling—sustained the prescription exception before it. Thereafter, the trial court rendered three separate final judgments, one in each defendant's favor. In the two prior appeals in this matter, this Court vacated the trial court's judgments and remanded.[2] We do the same here.

---

[1] V. Keeler's liability insurer—Kinsale Insurance Company—was also named as a defendant. For ease of discussion, we refer in this opinion to V. Keeler and Kinsale collectively as "V. Keeler."

[2] As to Tidewater, this Court vacated and remanded in *Holmes v. City of New Orleans*, 24-0047 (La. App. 4 Cir. 7/16/24), ___ So.3d ___, 2024 WL 3422500 ("*Holmes One*"); as to Hard Rock, *Holmes v. City of New Orleans*, 24-0269 (La. App. 4 Cir. 9/26/24), ___ So.3d ___, 2024 WL 4297478 ("*Holmes Two*").

1

## FACTUAL AND PROCEDURAL BACKGROUND

The factual background of this case is set forth in *Holmes One* and is not relevant for deciding the narrow legal issue presented here—whether our prior ruling in *Holmes One* is law of the case. In *Holmes One*, this Court vacated the trial court's judgment sustaining Tidewater's prescription exception and remanded for further proceeding. In so doing, this Court observed:

> In the matter on appeal, the evidence required to resolve the exception of prescription is so intertwined with the evidence required to prove the merits of [Ms.] Holmes' property damage claims against the public entities and respective contractors that judicial economy is not served in adjudicating prescription at this juncture. The district court abused its discretion in failing to refer the exception to the merits. The judgment granting the exception of prescription must be vacated.

*Holmes One*, 24-0047, p. 10, ___So.3d at ___, 2024 WL 3422500, *5.

In *Holmes Two*, this Court vacated the trial court's judgment sustaining Hard Rock's prescription exception and remanded for further proceeding. In so doing, this Court observed that "[t]he parties in this appeal are arguing the same legal issues applied to the same factual background as in *Holmes One*." *Holmes Two*, 24-0269, p. 5, ___ So.3d at ___, 2024 WL 4297478, *3.[3] We further observed that Hard Rock's appeal presented "a textbook example of an appropriate situation in which to apply law of the case." *Holmes Two*, 24-0269, p. 4, ___ So.3d at ___, 2024 WL 4297478, *2. As noted at the outset, we reach the same result here.

To place the trial court's three rulings and the three appeals in context, the following time line of the pertinent procedural events is instructive:

---

[3] Ms. Holmes pointed out in *Holmes Two* that "this Court's decision in *Holmes One* should be equally applied to all parties since all the defendants are solidarily liable for their joint negligence that damaged her residence." In *Holmes Two*, we found Ms. Holmes' argument on this point persuasive. The petition alleges that these defendants are solidarily liable.

2

- October 2023: The trial court granted Tidewater's exception; Ms. Holmes appealed that judgment to this Court (2024-CA-0047—*Holmes One*).

- December 2023: While Ms. Holmes' appeal in *Holmes One* was pending, the trial court granted Hard Rock's exception;[4] Ms. Holmes appealed that judgment to this Court (2024-CA-0269—*Holmes Two*).

- April 2024: The trial court held a hearing on V. Keeler's exception and orally sustained the exception.[5]

- May 2024: The trial court, pursuant to this Court's order, issued an amended judgment sustaining Tidewater's prescription exception.

- June 2024: The trial court rendered a written judgment in V. Keeler's favor, granting its prescription exception. Ms. Holmes appealed that judgment to this Court (2024-CA-0551) ("*Holmes Three*").[6]

- July 2024: this Court, in *Holmes One*, vacated the judgment in Tidewater's favor and remanded for further proceedings.

- September 2024: this Court, in *Holmes Two*, vacated the judgment in Hard Rock's favor and remanded for further proceedings.

---

[4] At the hearing on Hard Rock's exception, Ms. Holmes' attorney argued as follows:

> Your Honor, the facts have not changed in the case. What we are requesting, since there are four defendants in this matter, in the interest of judicial economy—we've taken, actually, an appeal on the previous decision of this Court [granting Tidewater's prescription exception]—and in the interest of judicial economy, so we don't keep filing appeals upon appeals, since we're expecting the other two defendants also to file, that we take this under advisement until the Court of Appeals issues a ruling [on Tidewater's pending appeal]. In other words, put a pause on this until the Court of Appeals issues a ruling.

Hard Rock's counsel, however, requested that the trial court rule on its exception. Granting the request, the trial court sustained Hard Rock's prescription exception.

[5] At the April 4, 2024 hearing on V. Keeler's exception, Ms. Holmes' attorney argued as follows:

> The issues are the same, Your Honor. The only difference, since the last time that we were here, is that the record is now up in the Fourth Circuit. There is no record here from which technically anyone can rule on, and that's why we wanted this thing to be pushed over to another hearing date after the record is returned to the district court. However, we do submit that the issues are the same.
>
> **THE COURT**: Okay. I really don't see a reason to delay. I'm going to go ahead and sustain the Exception of Prescription as to V. Keeler . . .

[6] At the time of our decision in *Holmes Two*, Ms. Holmes' appeal from the trial court's judgment in V. Keeler's favor has been lodged in this Court. But, as we observed in our opinion in *Holmes Two*, the appeal of that separate judgment was not before us.

- December 2024: this appeal, *Holmes Three,* from the June 2024 judgment in V. Keeler's favor, was docketed.

## DISCUSSION

The standard of review in this matter is *de novo* for two reasons. First, the underlying judgment is one sustaining a prescription exception without any evidence being introduced. *See Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 17-0413, p. 8 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800 (citation omitted) (observing "[i]f, as in this case, no evidence was introduced, review of the judgment is simply to determine whether the decision of the trial court was legally correct, and a *de novo* standard of review applies").

Second, the question presented of whether to apply the legal doctrine of law of the case is a legal issue. *See Pegues v. Morehouse Par. Sch. Bd*., 706 F.2d 735, 738 (5th Cir. 1983) (observing that "[t]he preclusive effect of the law of the case and res judicata doctrines presents a pure legal question"). "Legal issues are reviewed with the *de novo* standard of review." *Bd. of Supervisors of Louisiana State Univ. v. 2226 Canal St., L.L.C*., 18-0254, p. 3 (La. App. 4 Cir. 12/19/18), 262 So.3d 909, 913 (internal quotations and citation omitted);

The posture of this appeal is identical to that in *Holmes Two*. Indeed, Ms. Holmes assigns the identical assignments of error in this appeal as she did in *Holmes Two*.[7] V. Keeler acknowledges that the facts and issues in this matter

---

[7] In both *Holmes Two* and *Holmes Three* (this appeal), Ms. Holmes assigned as error the following:

> 1. The trial court erred in failing to acknowledge that plaintiff's operative date for damages to her home was August 28, 2021 and not February 26, 2021.

4

mirror those in *Holmes One* and *Holmes Two*. But, it explains that it briefed the merits of this matter out of an abundance of caution and to protect the record. It also cites this Court's statement in *Holmes Two* that the judgment at issue on the instant appeal in *Holmes Three* was not before the Court in *Holmes Two*. Regardless, V. Keeler acknowledges that its arguments in support of maintaining the trial court's judgment in its favor mirror those submitted by Tidewater and Hard Rock and that all three defendants, for purposes of this appeal, are identically situated.

Just as in *Holmes Two*, the parties in this appeal are arguing the same legal issues applied to the same factual background as in *Holmes One*. The arguments in this appeal are simply an effort to re-urge what has already decided by this Court in the previous appeal in *Holmes One*. We, thus, reach the same result as in *Holmes Two* and find that our ruling in *Holmes One* is law of the case and dictates that we vacate the trial court's judgment in V. Keeler's favor and remand.[8]

---

2. The trial court erred in granting the Exception of Prescription when suit was timely filed within one year of the discovery of the damages to plaintiffs home in accordance with La. C.C. Article 3493.

3. The trial court erred in granting the Exception of Prescription that was tolled under the doctrine of *Contra Non Valentem* when the actions of defendant constituted a continuing tort giving rise to successive damages and prescription is suspended until such time as the harmful conduct is abated.

4. The trial court erred in granting the Exception of Prescription when suit was timely filed within two years in accordance with La. R.S. 9:5624.

5. The trial court erred in granting Defendant's Exception of Prescription which factual issue should be decided by the jury.

[8] *See Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1240 (10th Cir. 2016) (observing that "[a]bsent the [law of the case] doctrine, 'an adverse [resolution of an issue] would become little more than an invitation to take a mulligan, encouraging lawyers and litigants alike to believe that if at first you don't succeed, just try again'").

## DECREE

For the foregoing reasons, the trial court's June 10, 2024 judgment granting the exception of prescription and dismissing the claims against V. Keeler and Kinsale is vacated; and this case is remanded to the trial court.

**VACATED AND REMANDED**